UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH MCMANUS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-2035** |
| **JEFFERSON PARISH SHERIFF OFFICE, ET. AL** | **SECTION: "H"(1)** |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss (Doc. 15) filed by Defendants Sheriff Newell Normand, Maj. William Boudreaux, and Sgt. Christopher Morris. For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

On March 10, 2016, Plaintiff Joseph McManus ("McManus") filed this *pro se* civil action alleging that Defendants Sheriff Newell Normand, Maj. William Boudreaux, and Sgt. Christopher Morris violated his civil rights by failing to investigate certain claims of harassment and bring criminal charges against his alleged harassers. Construed liberally, McManus sues Defendants for compensatory damages under Section 1983.

According to the Complaint, McManus was working on a movie set at the Louis Armstrong International Airport on January 9, 2015 when he was dismissed by the Production Assistant for allegedly making obscene comments

1

to two women. McManus was escorted off the premises by two uniformed Sheriff's deputies.

McManus complained to the deputies that the women had been harassing and threatening him—and not the other way around. McManus alleges that his civil rights were violated when the deputies failed to show interest in his version of events or investigate his complaint by interviewing particular witnesses as he requested. McManus further claims that his civil rights were violated when Defendants failed to arrest the women for allegedly making threats to kill him in the airport.

Defendants have filed a motion to dismiss Plaintiffs' claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief,

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

Defendants allege that Plaintiff has failed to state a claim for three reasons: (1) he lacks standing, (2) his claims are prescribed, and (3) his claims are frivolous. Because this Court ultimately finds that Plaintiff's claims have prescribed, it need not address Defendants other arguments.

In his Complaint, Plaintiff alleges that the incident upon which he bases his allegations occurred on January 9. The police report confirms that the incident occurred on January 9, 2015, and Plaintiff does not dispute this fact.[8] This suit was not filed until March 10, 2016.

"Because there is no federal statute of limitations for § 1983 claims, the district court looks to the forum state's statute of limitations for personal injury claims. In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage."[9] The one-year prescriptive period begins running from the time that the Plaintiff knows or has reason to know of the injury that forms the basis of his claims.[10] Accordingly, Plaintiff had one year from the date of the incident, or January 9, 2016, within which to file his claim.[11] Because this suit was not filed until March 10, 2016, Plaintiff's claim is prescribed on its

---

[6] *Lormand*, 565 F.3d at 255–57.
[7] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[8] Because the police report is referenced by the Complaint and is central to Plaintiff's allegation that the police report was falsified, it is properly considered here. *Id.*
[9] *Carroll v. Gusman*, No. 06-9031, 2009 WL 2949997, at *3 (E.D. La. Sept. 10, 2009) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998)).
[10] *Id.*
[11] *See id.*

3

face. "When a petition reveals on its face that prescription has run, the plaintiff has the burden of showing why the claim has not prescribed."[12] Plaintiff has not identified any event that might have suspended or interrupted the prescriptive period. Prescriptive periods are not suspended on weekends and holidays, as Plaintiff suggests.[13] Accordingly, this Court finds that Plaintiff's claims have prescribed.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 30th day of November, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[12] *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994).
[13] *See* La. Civ. Code arts. 3462–3472.